UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KAREN JONES and RICHARD BIGGS, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN KAGEL, LUCKEY TRUCKING )<br>LLC., LUCKY TRUCKING INC., and )<br>LUCKEY TRANSFER LLC, )<br>)<br>Defendants. ) | Cause No.: 2:10-CV-182-TLS |

**OPINION & ORDER**

On February 26, 2010, the Plaintiffs, Karen Jones and Richard Briggs, through counsel, initiated this lawsuit against the Defendants for events related to a vehicle accident. On November 2, 2011, the Plaintiffs' counsel filed a motion to withdraw on grounds that the Plaintiffs were not willing to accept a settlement offer of $7,500 despite the fact that the evidence suggested a high probability that a trial would result in a zero verdict. The Motion was granted on November 3. The Plaintiffs did not obtain new counsel. On January 3, 2012, Magistrate Judge Andrew P. Rodovich conducted an in-person status conference. The Plaintiffs failed to appear and Magistrate Judge Rodovich issued an Order [ECF No. 16] the same day directing the Plaintiffs to file an affidavit no later than January 17, 2012, explaining why they failed to appear at the status conference. Magistrate Judge Rodovich further warned that the failure to file a timely affidavit showing good cause may result in a dismissal pursuant to Federal Rules of Civil Procedure 16(f) and 41(b).

Rule 41(b) provides for dismissal of a plaintiff's case for failure to prosecute or to comply with the federal rules or any court order. A district court may dismiss sua sponte an action for failure to prosecute under Rule 41(b) as part of its "inherent power" to control its

docket "to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The Seventh Circuit has provided the following summary of the factors that are relevant to the decision whether to dismiss a suit under Rule 41(b):

> [F]requency and magnitude of the plaintiff's failures to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel and therefore the appropriateness of sanctioning the plaintiff's lawyer rather than the plaintiff, the effect of the failures in taxing the judge's time and disrupting the judge's calendar to the prejudice of other litigants, the prejudice if any to the defendant from the plaintiff's dilatory conduct, the probable merits of the suit, and (what is closely related) the consequences of dismissal for the social objectives of the type of litigation that the suit represents. There is no "grace period" before dismissal for failure to prosecute is permissible and no requirement of graduated sanctions, but there must be an explicit warning before the case is dismissed.

*Ball v. City of Chi.*, 2 F.3d 752, 759–60 (7th Cir. 1993); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) (holding that ordinary misconduct, as opposed to "egregious misconduct," can be punished by dismissal only after a warning and after the judge determines that dismissal is an appropriate sanction upon considering the possible merit of the underlying suit, the gravity of the misconduct, and the prejudice to the defendant). Although the Seventh Circuit has articulated a requirement that a plaintiff be given "due warning" "before dismissing a suit for want of prosecution in most cases," *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (per curiam), the Seventh Circuit has more recently instructed that this is a guideline, not a rigid rule, and that providing a warning to litigants before dismissing a case is within the discretion of the district court, *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Since the Court granted the counsel's Motion to Withdraw on November 3, 2011, the Plaintiffs have failed to appear for an in-person status conference, failed to respond to Magistrate

2

Judge Rodovich's January 3, 2012, Order, and have not otherwise contacted the Court. The discovery period has ended and the case cannot be set for trial without the participation of the Plaintiffs. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when if feels likes pressing its actions and when it feels like taking a break." *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund. v. Chi. Tribune Co.*, 8 F.3d 1195, 1198–99 (7th Cir. 1993)). The Court warned the Plaintiffs of the consequences of their failure to respond to the Court's Order. This Court's consideration of the factors listed in *Ball v. City of Chicago*, 2 F.3d at 759–60, convinces it that dismissal is an appropriate action.

The Court ORDERS that this cause of action be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 41(b).

SO ORDERED on February 7, 2012.

                                            S/ Theresa L. Springmann
                                            UNITED STATES DISTRICT COURT
                                            NORTHERN DISTRICT OF INDIANA
                                            FORT WAYNE DIVISION